**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rebecca Lou Younger, | No. CV-18-02975-PHX-MHB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Rebecca Younger's Application for Disability Insurance Benefits by the Social Security Administration (SSA) under the Social Security Act. Plaintiff filed a Complaint (Doc. 1), with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 18, Pl. Br.), Defendant Social Security Administration Commissioner's Response Brief (Doc. 23, Def. Br.), and Plaintiff's Reply Brief (Doc. 25, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 16, R.) and now affirms the Administrative Law Judge's (ALJ) decision (R. at 17–34) as upheld by the Appeals Council (R. at 1–6).

**I.  BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits on August 7, 2014 for a period of disability beginning on October 1, 2013. (R. at 20.) SSA initially denied the claim on April 1, 2015, and on reconsideration on July 20, 2015. (R. at 20.) On April 18, 2017, Plaintiff appeared before the ALJ for a hearing on her claim. (R. at 20.) On

September 13, 2017, the ALJ denied her claim. (R. at 29.) When the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision on July 23, 2018, the ALJ's decision became final. (R. at 20.) The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: idiopathic peripheral neuropathy, unspecified poly-arthropathy, mild degenerative changes of the right wrist and left foot, and history of bilateral carpal tunnel syndrome. (R. at 22.) The ALJ found Plaintiff has no severe mental impairments. (R. at 24.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff is not disabled. (R. at 29.) The ALJ determined that Plaintiff "d[oes] not have an impairment or combination of impairments that me[ets] or medically equal[s] the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (R. at 24.) The ALJ found that Plaintiff has

> "the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a), consisting of lifting and carrying no more than ten pounds occasionally and less than ten pounds frequently. [Plaintiff is] able to sit for at least six hours in an eight-hour workday and stand or walk for up to two hours in an eight-hour workday. [Plaintiff is] limited to occasional stooping, kneeling, crouching, crawling, and climbing of ramps and stairs, but should not climb ladders, ropes, or scaffolds. [Plaintiff can] handle, finger; and feel frequently bilaterally. She should avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, unprotected heights, and moving dangerous machinery." (R. at 25.)

Consequently, the ALJ found that Plaintiff can perform her past relevant work as a collection clerk and a credit collection manager. (R. at 28.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based

on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity (RFC) and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id*.

## III. ANALYSIS

Plaintiff raises three arguments for the Court's consideration. (Pl. Br. at 1.) First, Plaintiff argues that the ALJ erred by improperly rejecting her treating physician's opinion. (Pl. Br. at 1.) Second, Plaintiff argues that the ALJ failed to include any mental limitations in calculating Plaintiff's RFC. (Pl. Br. at 1.) Finally, Plaintiff argues that her case was adjudicated by an unconstitutionally appointed ALJ. (Pl. Br. at 1.) The Court rejects each of Plaintiff's arguments.

### A. The ALJ did not err by giving no weight to Dr. O'Regan's opinion.

Dr. O'Regan was Plaintiff's treating primary care physician. (R. at 27.) Based on his treatment of Plaintiff, Dr. O'Regan completed a medical source physical assessment on Plaintiff's behalf. (R. at 384–85.) Based on a single diagnosis of diabetes mellitus type 1 for 35 years, Dr. O'Regan opined to various functional limitations that affect Plaintiff. He opined that Plaintiff's symptoms are frequently severe enough to interfere with her attention and concentration, and that Plaintiff would need to recline or lie down during a workday more than scheduled breaks allow. (R. at 384.) He also opined to various limitations in Plaintiff's extremities including: (1) sitting for only two hours per day, (2) standing or walking for only one hour per day, and (3) limitations in repeated hand and arm movements. (R. at 384.) Finally, Dr. O'Regan also found that Plaintiff would need to take frequent unscheduled breaks and would be absent from work more than four times per month. (R. at 384–85.)

The ALJ gave this opinion no weight because it was contradicted by Plaintiff's medical records that show that she can largely manage her diabetes symptoms. (R. at 27.) Additionally, the ALJ found that the limitations Dr. O'Regan found were inconsistent with his treatment records showing Plaintiff's limitations were mostly benign. (R. at 27.)

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor

treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "The medical opinion of a claimant's treating physician is given 'controlling weight' so long as 'it is well–supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the record].'" *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)(2)). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(d)(2)–(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. If a treating physician's opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion without "setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).

Both reasons given by the ALJ are specific, legitimate, and based on substantial evidence. The ALJ's first reason for rejecting Dr. O'Regan's opinion—that Plaintiff's medical records show her diabetes symptoms are under control—is specific, legitimate, and supported by substantial evidence. 20 C.F.R. § 404.1527(c)(4); *see Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010).

Undeniably, Plaintiff's medical records demonstrate the existence of some limitations due to her diabetes, including some indications that her diabetes is not adequately controlled. (R. at 332, 359, 371, 374, 388, 427, 461, 476, 506.) Nevertheless, substantial evidence supports the ALJ's conclusion that Plaintiff's medical records show her symptoms were well-controlled.[1] Plaintiff's medical records also indicate that her diabetes symptoms were inconsistent with the magnitude of limitations found by Dr. O'Regan. (R. at 44, 45, 339, 359, 360, 362, 444.) Although some evidence supports a different view of Plaintiff's medical records, the ALJ's weighing is rational, and thus is entitled to deference. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1194 (9th Cir. 2004) (declaring that when competing rational inferences can be drawn from the

---

[1] Although not all the medical evidence in the record supports this conclusion (R. at 333.), the applicable legal standard does not require that all the evidence supports the ALJ's conclusion; it only requires substantial evidence. *See Orn*, 495 F.3d at 630.

record, the ALJ's decision should be upheld).

The ALJ's second reason—that Dr. O'Regan's treatment records do not support the limitations he found—is also specific, legitimate, and supported by substantial evidence. 20 C.F.R. § 404.1527(c)(3). Dr. O'Regan repeatedly notes in treatment records that Plaintiff's diabetes is under control. (R. at 360, 363, 369, 372, 375.) These records also show that Plaintiff generally reported doing well at her appointments. (R. at 351, 356, 359, 362.) Aside from mild limitations, Dr. O'Regan's treatment records demonstrate that Plaintiff's diabetes symptoms do not cause serious functional limitations. Instead, Plaintiff's functional limitations seemingly stemmed primarily from a nodule in her left foot. (R. at 344.) However, Plaintiff testified at the hearing that it was healing well. (R. at 44.)

Consequently, the ALJ did not err in rejecting Dr. O'Regan's opinion. Even if the ALJ had erred, and Dr. O'Regan's opinion was entitled to some weight, such an error would be harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (defining harmless error as an error that does not affect the ALJ's nondisability determination). This is because the ALJ's RFC calculation accounted for Plaintiff's functional limitations in her extremities since the ALJ limited Plaintiff to walking or standing for up to two hours per workday. (R. at 25.) Additionally, her past work as a collection clerk and collection manager require only occasional handling, which is defined as up to one-third of the day. (Pl. Br. at 16–17.) And her past work requires either occasional or frequent fingering. (Pl. Br. at 16–17.) Since Dr. O'Regan opined that Plaintiff can perform these activities for 25% of the day, the ALJ's conclusions were not drastically different, even though he gave Dr. O'Regan's opinion no weight. (R. at 384.)

**B.      The ALJ did not err in evaluating Plaintiff's mental limitations.**

Plaintiff argues that the ALJ erred because he did not include any mental limitations in Plaintiff's RFC. However, the Court finds the ALJ did not err because his finding that Plaintiff has no mental limitations is supported by substantial evidence.

The ALJ found that Plaintiff has medically determinable mental impairments of

depression, anxiety, and somatoform disorder, but none are severe. (R. at 23.) The ALJ based this conclusion on the opinions of three doctors: consulting physicians, Drs. Foster-Valdez and Garland, and examining physician, Dr. Coelho. (R. at 24, 28.) Drs. Garland and Foster-Valdez concluded that Plaintiff had no severe mental impairments and no more than mild functional limitations. (R. at 28.) The ALJ gave these opinions great weight because they are supported by Plaintiff's normal psychiatric findings, her lack of mental health treatment, and her allegations of minimal mental health limitations. (R. at 28.) The ALJ also gave partial weight to Dr. Coelho's opinion, which alleged minimal limitations. (R. at 24.)

Plaintiff's primary challenge to the ALJ's finding of no mental limitations is that one doctor—Dr. Garland—found Plaintiff had a mild limitation in concentration, persistence and pace. (Pl. Br. at 19.) According to Plaintiff, Dr. Garland's finding is inconsistent with the ALJ giving this opinion great weight since the ALJ ultimately found that Plaintiff has no mental limitations. (Pl. Br. at 19.)

However, there is no inconsistency. The ALJ specifically noted that both Drs. Foster-Valdez and Garland found "no more than mild functional limitations." (R. at 28.) Accordingly, the ALJ took Dr. Garland's opinion into account by giving it great weight. This does not mean that the ALJ must adopt Dr. Garland's opinion wholesale. *See Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (noting that it is the ALJ's duty to resolve conflicts in the medical evidence). Dr. Garland found a minimal limitation and Dr. Foster-Valdez did not. (R. at 63, 79.) Both opinions are supported by the evidence so it was appropriate for the ALJ to give them both great weight. Nevertheless, the ALJ needed to resolve whether Plaintiff has a mild limitation and substantial evidence supports his conclusion that Plaintiff does not. While Plaintiff is correct that even a mild limitation can affect a claimant's RFC, that point is inapposite because the ALJ correctly determined that Plaintiff does not have a mild limitation. (Pl. Br. at 19–20.) Consequently, the ALJ did not err.

1 **C. Plaintiff forfeited her Appointments Clause challenge.**

Plaintiff argues that the ALJ who heard her claim was unconstitutionally appointed and should be barred from adjudicating her application. (Pl. Br. at 21.) Plaintiff bases this argument on the Supreme Court's decision in *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2051 (2018), where the Court held that ALJs in the S.E.C. context are officers that "[o]nly the President, a court of law, or a head of a department" can appoint. Plaintiff also asserts that the SSA has acknowledged—through ratification of previously appointed ALJs—that at the time of Plaintiff's hearing the ALJ was unconstitutionally appointed. (Pl. Br. at 22.) Accordingly, Plaintiff argues that a new hearing is necessary. (Pl. Br. at 22.)

Appointments Clause challenges are nonjurisdictional and can be forfeited if they are not timely asserted. *See Freytag v. Comm'r of Internal Revenue*, 501 U.S. 868, 878–79 (1991); *see Kabani & Co., Inc. v. U.S. Sec. & Exch. Comm'n*, 733 F. App'x 918, 919 (9th Cir. 2018) (holding that Appointments Clause challenge was forfeited because it was not timely raised). Indeed, only a party who makes a timely challenge is entitled to relief. *Lucia*, 138 S. Ct. at 2055.

The Ninth Circuit has held that a claimant "must raise all issues and evidence at [her] administrative hearing[] in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). On the other hand, the Supreme Court held in *Sims v. Apfel*, 530 U.S. 103, 111 (2000), that a claimant "need not exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues." The Court expressly noted that it was not deciding whether a claimant must exhaust issues before the ALJ. *Id.* at 107. After *Sims*, the Ninth Circuit reasserted its previous rule in *Meanel* that a claimant must raise all issues before the ALJ in order to preserve them for judicial review. *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017.) Notably, the issue in *Shaibi* was different than the Appointments Clause issue Plaintiff raises here.

Other district courts in this circuit have found that a claimant's failure to raise an Appointments Clause challenge before the ALJ forfeits the issue upon judicial review. *E.g.*,

*Delores A. v. Berryhill*, No. ED CV 17-254-SP, 2019 WL 1330314, at *10 (C.D. Cal. Mar. 25, 2019).

Assuming Plaintiff is correct that the ALJ was unconstitutionally appointed, the Court still rejects her argument as forfeited. Though it is a close question, the Court opts to follow suit with the other district courts in this circuit and finds Plaintiff forfeited her argument by failing to raise it before the ALJ. *See e.g., James A. v. Saul*, No. 19-CV-00104-TSH, 2019 WL 4600940, at *15 (N.D. Cal. Sept. 23, 2019); *see also Gutierrez v. Berryhill*, No. CV-17-129-GF-BMM, 2019 WL 2240602, at *4 (D. Mont. May 24, 2019), judgment entered, No. CV-17-129-GF-BMM, 2019 WL 2409004 (D. Mont. May 24, 2019); *see also Dierker v. Berryhill*, No. 18CV145-CAB(MSB), 2019 WL 246429, at *2–4 (S.D. Cal. Jan. 16, 2019), report and recommendation adopted, No. 18CV145-CAB-MSB, 2019 WL 446231 (S.D. Cal. Feb. 5, 2019); *see also Samuel F. v. Berryhill*, Case No. CV 17-7068-JPR, 2018 WL 5984187, at *2 n.6 (C.D. Cal. Nov. 14, 2018) ("To the extent *Lucia* applies to Social Security ALJs, Plaintiff has forfeited the issue by failing to raise it during his administrative proceedings.").

Plaintiff cites to cases in the Eastern District of North Carolina and the Middle and Eastern Districts of Pennsylvania in support of the opposite conclusion the Court reaches here. (Pl. Br. at 23–25.) In particular, the Eastern District of Pennsylvania provides a detailed analysis supporting Plaintiff's arguments regarding forfeiture and excusal. *Culclasure v. Comm'r of Soc. Sec. Admin.*, 375 F. Supp. 3d 559, 561–74 (E.D. Pa. 2019).[2] Nevertheless, the Court follows the logic of the other district courts within the circuit. Controlling case law is particularly persuasive and supports the proposition that a claimant must raise *all issues* before the ALJ or forfeit them, at least where the claimant is represented by counsel. *See Shaibi*, 883 F.3d at 1109. Such is the case here because Plaintiff

---

[2] Plaintiff is remiss in failing to cite to district court cases in this circuit that are on point and directly contradict her argument. (Pl. Br. at 23–25.) Furthermore, Plaintiff does not meaningfully address in her Reply the relevant cases from this circuit that Defendant cites. (Reply at 8–9.)

- 9 -

was represented by counsel and did not raise the issue at her hearing before the ALJ.[3] Accordingly, Plaintiff forfeited her claim.

**IT IS THEREFORE ORDERED** affirming the September 8, 2017 decision of the Administrative Law Judge (R. at 17–34), as upheld by the Appeals Council on July 23, 2018 (R. at 1–6).

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 6th day of January, 2020.

_____
Honorable Michelle H. Burns
United States Magistrate Judge

---

[3] Plaintiff claims that her first opportunity to raise her Appointments Clause challenge is in this civil action before the Court. (Pl. Br. at 25.) This is not the case. Plaintiff could have raised her claim before the ALJ. Various SSA regulations allowed for Plaintiff to raise her claim and contemplate constitutional claims. *See* 20 C.F.R. §§ 404.924, 404.939, 404.946(b), 404.950. Therefore, this action is not Plaintiff's first opportunity to raise her claim. It is simply her first opportunity to use *Lucia* to bolster her argument.